**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UBS FINANCIAL SERVICES INC., UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO, and UBS TRUST COMPANY OF PUERTO RICO,**<br><br>**Petitioners,**<br><br>**v.**<br><br>**ASOCIACIÓN DE EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,**<br><br>**Respondent.** | **CIVIL NO. 16-2017 (GAG)** |

**OPINION AND ORDER**

In this action, UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, and UBS Trust Company of Puerto Rico ("UBS") seek to confirm an arbitration award (the "Award") issued against Asociación de Empleados del Estado Libre Asociado de Puerto Rico ("AEELA"). (Docket No. 1; see also Docket No. 1-1.) AEELA answered UBS's petition. (Docket No. 39-1.) Upon review of the parties' submissions and applicable law, UBS's petition to confirm the Award is **GRANTED**.

I.    **Relevant Factual and Procedural Background**

AEELA and UBS were parties to an investment consulting and brokerage services agreement. (Docket No. 1, ¶ 13.) Their agreement provided for arbitration of disputes before the Financial Industry Regulatory Authority's ("FINRA") arbitral regime. Id. at ¶ 16. The parties agreed that the results of arbitration would be final and binding. Id.

Civil No. 16-2017 (GAG)

1    After the Puerto Rican bond market collapsed in 2013, AEELA commenced arbitration

2    against UBS seeking $70 million in damages.  (Docket Nos. 1-1; Docket No. 17-2.)  On April 22,

3    2014, AEELA filed a Statement of Claim before FINRA alleging violations of the federal securities

4    laws and Puerto Rico state law.  (Docket No. 1, ¶ 8.)  The FINRA claim centered on alleged

5    misrepresentations by UBS and the related losses sustained by AEELA on investments in Puerto

6    Rican municipal bonds.  Id.  Specifically, AEELA alleged the losses it suffered were "caused by

7    unsuitable recommendations" received from UBS.  (Docket Nos. 1-1; 1-2.)

8    After two years of proceedings and a ten-day evidentiary hearing, the FINRA panel issued a

9    unanimous Award denying AEELA's claims in their entirety.  (Docket No. 1, ¶¶ 17-18.)  The Award

10   also included fees in favor of UBS, as set forth under the FINRA code.  (Docket No. 1-1, 3-4.)  The

11   Award did not expound upon the basis for its conclusions.

12   On June 3, 2016, UBS filed this petition to confirm the Award rendered by the FINRA panel.

13   (Docket No. 1.)  AEELA moved to dismiss for lack of subject matter jurisdiction.  (Docket No. 9.)

14   This Court denied AEELA's jurisdictional challenge, looking through the petition to the substance

15   of the dispute submitted and decided in arbitration, which arose under the federal securities laws.

16   UBS Fin. Servs. Inc. v. Asociación de Empleados del Estado Libre Asociado de P.R., --- F. Supp.

17   3d ----, No. 16-2017 (GAG), 2016 WL 7408828, at *4 (D.P.R. Dec. 22, 2016).

18   Following the Court's jurisdictional ruling, AEELA answered UBS's petition.  (Docket No.

19   39-1.)  AEELA's answer admitted and denied certain facts, and contested confirmation of the award

20   through affirmative defenses based on the alleged bias and misconduct of the arbitration panel.

21

22

23

24

Civil No. 16-2017 (GAG)

(Docket No. 39-1.)  AEELA did not submit any evidence to this Court in support of its theory of arbitrator bias and misconduct.[1]

## II.  Discussion

The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), sets the framework for judicial review of arbitration awards.  Section 9 provides that any party to the arbitration may apply for an order confirming the arbitration award, "and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA.  9 U.S.C. § 9.  Grounds for vacating an award include: a fraudulently procured award; evident arbitrator corruption; arbitrator misconduct; or when the arbitrators exceeded their authority.  Id. at § 10; see also Raymond James Fin. Servs., Inc. v. Fenyk, 780 F.3d 59, 63-65 (1st Cir. 2015).

District court review of arbitral awards is "extremely narrow and exceedingly deferential." Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000) (quoting Wheelabrator Envirotech Operating Servs. Inc. v. Mass. Laborers Dist. Council Local 1144, 88 F.3d 40, 43 (1st Cir. 1996)).  Judicial review is deferential because the parties contracted to resolve their dispute through an arbitrator, so it is the arbitrator's view of the dispute that matters.  Hutson, 229 F.3d at 330 (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987)).  As a result, "[a]rbitral awards are nearly impervious to judicial oversight."  Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000).

---

[1] Rather than litigate its affirmative defenses before this Court, AEELA opted to file a petition to vacate the arbitration award before the Puerto Rico Court of First Instance of San Juan.  (Docket No. 9 at 1.)  UBS subsequently removed AEELA's petition to federal court.  AEELA's petition to vacate is currently pending before Judge Pedro Delgado-Hernández.  See Asociación de Empleados del Estado Libre Asociado de P.R. v. UBS Fin. Servs., Inc., No. 16-2237 (PAD).

3

Civil No. 16-2017 (GAG)

1    UBS seeks to confirm the Award under section 9 of the FAA.  (Docket No. 1.)  Section 9

2    dictates that courts "must grant" a petition to confirm an award, unless an exception from sections

3    10 or 11 applies. 9 U.S.C. § 9.  "There is nothing malleable about 'must grant,' which unequivocally

4    tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions

5    applies." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008).

6    AEELA protests against confirmation of the Award.  First, AEELA challenged the Award

7    based on jurisdiction.  (See Docket No. 9, 22.)  This Court considered and rejected AEELA's

8    jurisdictional arguments.   UBS Fin. Servs., 2016 WL 7408828, at *4.  The First Circuit recently

9    confirmed this approach to determining jurisdiction of a post-arbitration petition.  Ortiz-Espinosa v.

10   BBVA Securities of P.R., Inc., --- F.3d ----, 2017 WL 343525, at *7 (1st Cir. Jan. 20, 2017).

11   After losing the jurisdictional argument, AEELA answered UBS's petition.  (Docket No.

12   39-1.)  Now, AEELA grounds its efforts to resist confirmation of the Award in section 10(a) of the

13   FAA, alleging bias and misconduct by the FINRA arbitrators. Id. at 3-4.  However, AEELA has

14   presented no evidence to support this argument.  Id.  AEELA's barebones answer does not appear

15   to contemplate the FAA's instruction that an application to the Court should resemble a motion,

16   complete with an argument and supporting evidence.  See 9 U.S.C. § 6.  Although AEELA had the

17   opportunity, it elected not to support its theory with evidence.

18   Barring certain statutorily defined exceptions, section 9 of the FAA requires that courts "must

19   grant" a petition to confirm an arbitration award.  9 U.S.C. § 9.  AEELA has presented no evidence

20   or argument for the application of any of the FAA's exceptions.  Rather, UBS's petition easily clears

21   the "exceedingly deferential" standard of judicial review for confirmation of an arbitration award.

22   See Fenyk, 780 F.3d at 63 (quoting Weelabrator Envirotech, 88 F.3d at 43).  Therefore, the Court

23   grants UBS's petition to confirm the arbitration award.

4

Civil No. 16-2017 (GAG)

**III.**   **Conclusion**

For the reasons stated above, UBS's petition to confirm arbitration award is **GRANTED**.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 28th day of March, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
